IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cr-30019 |
| | ) | |
| MATTHEW ALLEN PAOLI, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING OPINION

RICHARD MILLS, U.S. District Judge:

Today, the Court imposed a sentence of fourteen months imprisonment on Defendant Matthew Allen Paoli.

As the Court noted at the portion of the sentencing hearing held on May 20, 2013, a violation of the terms of supervised release represents a breach of the Court's trust. In this case, the Defendant's conduct—repeatedly using cocaine within weeks of his release from the custody of the Bureau of Prisons—represents an especially grave breach of trust.

1

Unfortunately, this is not the first time that the Defendant has demonstrated an inability or an unwillingness to abide by terms of supervision.

Between his plea of guilty and initial sentencing in this case, his bond was revoked for three positive cocaine tests and six instances of submitting falsified or diluted urine samples.

Following the original sentencing before the undersigned, the Defendant had problems while in the custody of the Bureau of Prisons. He amassed three curfew violations while at his halfway house and had to finish up his sentence at the Sangamon County Jail, Springfield, Illinois.

As the undersigned indicated at the portion of the sentencing hearing held on May 20, 2013, the Court was considering an above-guideline sentence in the fourteen to twenty month range.  On the same date, the Court stated that it was not considering any additional term of supervised release, and determined that placement at the drug rehabilitation facilities recommended by the Defendant was not appropriate in this case.

As stated of record, the undersigned had initially planned on imposing a sentence of eighteen months for the supervision violations. Such a sentence probably would have been justified under those factors listed at 18 U.S.C. § 3553(a) that apply in the revocation context.

The Court initially believed that an above-guideline sentence was warranted after considering:

- the Defendant's history and characteristics, including his repeated failures to abide by supervision conditions;
- the nature and circumstances of the violations in this case, especially that they occurred so shortly after the initiation of the term of supervision; and
- to promote respect for the law, particularly that a violation of supervision constitutes a breach of the Court's trust.

However, after additional consideration, the Court concluded that a sentence of fourteen months was appropriate. A term of fourteen months is sufficient, *but not greater than necessary*, to achieve the goals of sentencing.

ENTER: May 22, 2013

FOR THE COURT: /s/ Richard Mills
Richard Mills
United States District Judge